UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DESSIE NEELEY and HAROLD NEELEY | ) ) ) |
| Plaintiffs, | ) ) ) |
| vs. | ) Case No. 4:11 CV 325 RWS ) |
| WYETH, INC., et al., | ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This is a pharmaceutical torts action brought by Plaintiff Dessie Neeley and her husband, Plaintiff Harold Neeley. Mrs. Neeley alleges various causes of actions arising from her ingesting the prescription drug Reglan, Metoclopramide, and/or Metoclopramide HCl against multiple defendants. Mr. Neely asserts a claim for loss of consortium There are eight other cases currently pending in the Eastern District of Missouri that also assert claims arising from the ingestion of Reglan, Metoclopramide, and/or Metoclopramide HCl.[1]

Plaintiffs' have requested I consolidate the cases currently pending in the Eastern District of Missouri under Federal Rule of Civil procedure 42(a) and Local Rule 4.03. However, there are motions to remand pending in each of the cases Plaintiffs seek to consolidate *except* for this one. I find that, at this time, I cannot properly assess whether there is not a common question of law or fact presented by the cases sought to be consolidated. There is not a motion to remand in

---

[1]Newby v. Wyeth Inc., et al., CA No. 4-11-CV-339; Nicely v. Wyeth Inc., et al., CA No. 4-11-CV-338; Lyons v. Wyeth Inc., et al., CA No. 4-11-CV-365; Lawson v. Wyeth Inc., et al., CA No. 4-11-CV-364; Harp v. Wyeth Inc., et al., CA No. 4-11-CV-363; Franzman v. Wyeth Inc., et al., CA No. 4-11-CV-362; Ferguson v. Wyeth Inc., et al., CA No. 4-11-CV-360; Farmer v. Wyeth Inc., et al., CA No. 4-11-CV-348.

this case and at this time it is unclear which of the cases sought to be consolidated, if any, will survive their respective motions to remand. As a result, I will deny Plaintiffs' Motion to Consolidate [#42] without prejudice.

After Plaintiffs moved to consolidate, Defendants Wolters Kluwer Health, Inc., Wolters Kluwer U.S., Inc., and Medi-Span filed a motion to join in opposition to Plaintiffs' motion to consolidate [#49], which I will grant.

Defendants Alaven Pharmaceuticals, Inc., Schwarz Pharma, Inc., Wyeth Pharmaceuticals, and Wyeth, Inc.'s filed a motion for a hearing on consolidation. Because I will deny Plaintiffs' motion, I will also deny Defendants' Motion for a Hearing without prejudice [#45].

Finally, Defendant Medi-Span has filed a Motion to Dismiss [#26] arguing that it is not a legal entity separate from Defendant Wolters Kluwer Health, Inc. and, as a result, it is not capable of being sued under Fed. R. Civ. P. 17(b). Medi-Span argues that "Medi-Span" is a registered trademark under which Defendant Wolters Kluwer Health, Inc. does business and it is not a separate corporation or other organized legal entity. Plaintiff has failed to respond to Medi-Span's motion. The unopposed motion to dismiss will be granted for the reasons argued by Medi-Span in its motion because it is not a separate legal entity capable of being sued.

Accordingly,

**IT IS HEREBY ORDERED that** Plaintiffs' Motion to Consolidation [#42] is **DENIED** without prejudice.

**IT IS FURTHER ORDERED that** Defendants Wolters Kluwer Health, Inc., Wolters Kluwer U.S., Inc., and Medi-Span Motion for Joinder in Opposition to Plaintiffs' Motion to Consolidate [#49] is **GRANTED**.

**IT IS FURTHER ORDERED that** Defendants Alaven Pharmaceuticals, Inc., Schwarz Pharma, Inc., Wyeth Pharmaceuticals, and Wyeth, Inc.'s Motion for Hearing [#45] is **DENIED** without prejudice.

**IT IS FINALLY ORDERED that** Defendant Medi-Span's Motion to Dismiss [#26] is **GRANTED**.

RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 5th day of April, 2011.