UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| DESSIE NEELEY, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Case No. 4:11-cv-00325-JAR |
| | ) | |
| WYETH LLC, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendants Barr Laboratories, Inc., Barr Pharamceuticals, LLC, Watson Pharma, Inc., and Watson Laboratories, Inc.'s (collectively, the "Generic Defendants") Motion for Reconsideration (Doc. 238). The Generic Defendants' request that the Court reconsider its ruling denying its motion to dismiss on lack of personal jurisdiction in light of the United States Supreme Court's decision in *Daimler v. Bauman*, 134 S. Ct. 746 (2014). The motion is fully briefed and ready for disposition. For the following reasons, the motion will be **GRANTED in part**.

**I. Background**

On July 30, 2013, the Court entered an amended order that, in relevant part, denied the Generic Defendants' Motions to Dismiss and found the Generic Defendants' contacts with Missouri sufficient to establish general jurisdiction. In so-doing the Court relied on the following contacts, grouped by entity: (1) Watson Pharma, Inc. is a foreign corporation, registered to do business in the state of Missouri, has a designated personal

1

agent for personal service of process within the state of Missouri, distributed metoclopramide that was manufactured by Barr Laboratories, Inc., and has twelve current or former employees who live and/or work in Missouri; (2) Teva Pharmaceuticals USA, Inc. ("Teva"), the owner of the Barr entities and not a party to the lawsuit, is "the largest generic pharmaceutical company in the county" and it "would strain common sense to believe that Teva does not conduct substantial business and derive significant revenue in Missouri" (Doc. 211 at 12 (quoting Doc. 103 at 15)); and (3) Barr has employees who live and work in Missouri and Barr participates in the MissouriRx program ("MoRx") that provides prescription drugs to Missouri citizens. The Court determined that these contacts were sufficiently "continuous and systematic" as to render the Generic Defendants essentially "at home" in Missouri.

The Generic Defendants' now request the Court reconsider its order in light of *Daimler*. Specifically, relying on the *Daimler* case, the Generic Defendants assert that the only place general jurisdiction can be asserted over Generic Defendants is their places of incorporation and the places where their principal places of business are located.

Plaintiff, Harold Neeley, individually and on behalf of the Estate of Dessie Neeley, responds, asserting that *Daimler* did not alter the scope of general jurisdiction and this Court properly applied the general jurisdiction standard. Further, Plaintiffs argue that at least one of the moving defendants, Watson Laboratories, Inc., has consented to this Court's exercise of personal jurisdiction when it moved for an extension of time to file a responsive pleading in the original trial court. In the alternative, Plaintiff requests

that the Court transfer the case pursuant to 28 U.S.C. § 1404(a) and 28 U.S.C. § 1406(a) to the District Court for the Eastern District of Kentucky.

## II. Analysis

### A. Standard of Review

Rule 54(b) provides that "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties . . . may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." "It is generally held that a court may amend or reconsider any ruling under Rule 54(b) to correct any clearly or manifestly erroneous findings of facts or conclusions of law." *Jones v. Casey's General Stores*, 551 F. Supp. 2d 848, 854 (S.D. Iowa 2008) (citation omitted). The Court may also reconsider an interlocutory order because of a controlling or significant change in the law. *Trickey v. Kaman Industrial Technologies Corp.*, No. 1:09-CV-00026-SNJ, 2011 WL 2118578, at *2 (E.D. Mo. May 26, 2011). Here the Generic Defendants point to *Daimler*, decided January 14, 2014, as significant change in the law.

### B. General Jurisdiction and *Daimler*

Prior to the Supreme Court's decision in *Daimler*, an inquiry into whether general jurisdiction could be exercised over out-of-state corporate defendants hinged on whether the corporation's contacts were so "'continuous and systematic' as to render [it] essentially at home in the forum State." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 131 S. Ct. 2846, 2851 (2011) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 317 (1945)). In *Daimler*, the Supreme Court explained that

3

> *Goodyear* made clear that only a limited set of affiliations with a forum will render a defendant amenable to all-purpose jurisdiction there. "For an individual, the paradigm forum for the exercise is the individual's domicile; for a corporation, it is an equivalent place, one in which the corporation is fairly regarded as at home."

134 S. Ct. at 760 (quoting *Goodyear*, 131 S. Ct. at 2853-54) (noting that a corporation's place of incorporation and principal place of business are paradigm forums for general jurisdiction). However, in *Daimler*, the Supreme Court clarified that "the exercise of general jurisdiction in every State in which a corporation 'engages in a substantial, continuous, and systematic course of business would be unacceptably grasping." *Daimler*, 134 S. Ct. at 761 (internal citation omitted). The Supreme Court did "not foreclose the possibility that in an *exceptional* case a corporation's operations in a forum other than its formal place of incorporation or principal place of business may be *so substantial and of such a nature to render the corporation at home in that State.*" *Id.* at 761 n.19 (emphasis added). Though the *Daimler* decision does not "overrule[] nearly 6 decades of personal jurisdiction law" (Doc. 240 at 1), it does require a tighter assessment of the standard than perhaps was clear from Goodyear, a standard rarely addressed by the Supreme Court, such that this Court's reconsideration of its previous order is appropriate. *Id.* at 755 ("Our post-*International Shoe* opinions on general jurisdiction, by comparison, are few.")

Given this tighter framework, the Court finds that the Generic Defendants are not subject to personal jurisdiction in Missouri. None of the Generic Defendants are incorporated in Missouri, nor do they have their principal places of business here. While a corporation is not "subject to general jurisdiction *only* in a forum where it is

4

incorporated or has its principal place of business," the contacts at issue in this case clearly do not rise to the level of an "exceptional case" as contemplated by the Supreme Court in *Daimler*. *Id.* at 761 n.19.

Perhaps the most seemingly significant connections to Missouri are those of Watson Pharma Inc., specifically its registration in the state and its designation of a local registered agent. However, any foreign corporation transacting business[1] in the state of Missouri is required to register with the Secretary of State. MO. REV. STAT. § 351.572 (2014). Foreign corporations authorized to transact business in Missouri are also required to maintain a registered agent in the state. MO. REV. STAT. § 351.586 (2014). Therefore, to extend the Plaintiff's reasoning to its natural conclusion, every foreign corporation transacting business in the state of Missouri would be subject to general jurisdiction here. *Daimler* clearly rejects this proposition.

Barr's involvement in MoRx can similarly be rejected. MoRx is a state-run pharmacy assistance program that provides prescription drug assistance to Missouri

---

[1] Although a finding of what "transacting business" is to be determined by the facts of each case, Section 351.572.2 lists activities which do not constitute "transacting business" within the meaning of Section 351.572.1. *See Ozark Employment Specialists, Inc. v. Beeman*, 80 S.W.3d 882, 891 (Mo. Ct. App. 2002). They include:
    (1) Maintaining, defending, or settling any proceeding;
    (2) Holding meetings of the board of directors or shareholders or carrying on other activities concerning internal corporate affairs;
    (3) Maintaining bank accounts;
    (4) Maintaining offices or agencies for the transfer, exchange, and registration of the corporation's own securities or maintaining trustees or depositories with respect to those securities;
    (5) Creating or acquiring indebtedness, mortgages, and security interests in real or personal property;
    (6) Securing or collecting debts or enforcing mortgages and security interests in property securing the debts;
    (7) Conducting an isolated transaction that is completed within thirty days and that is not one in the course of repeated transactions of a like nature;

citizens. MO. REV. STAT. § 208.782 (2014). Countless other manufacturers participate in this program and similar state-run programs around the country. MO. REV. STAT. § 208.786(3) (2014).[2] Participation in such a program does not rise to the level of a substantial contact as clarified in *Daimler* because, again, if it were to, each one of these manufacturers would be subjected to general jurisdiction in this state and many other states.

Teva's contacts also do not warrant attaching personal jurisdiction over Barr. Teva's revenue and extensive business dealings cannot be imputed to Barr and even if they were to be attributed to Barr, revenue or a course of dealing is not significant enough of a contact to subject Barr to general jurisdiction in Missouri. Next, given the global nature of our economy and the ever increasing use of teleworking/telecommunication as a common means of conducting business, the employment of individuals physically located in the state of Missouri is immaterial. These individuals may currently be working on projects largely relating to other state or countries. Finally, to the extent that Plaintiff asserts that the Watson entities and Teva consented to this Court's jurisdiction, these were arguments that Plaintiff could have made before the Court at the time of the Motion to Dismiss. As such, it is not proper for the Court to address them on a Motion to Reconsider.

---

(8) Transacting business in interstate commerce.
[2] *See also* MO. DEP'T OF SOC. SERVS., *Participating Pharmaceutical Manufacturers*, http://www.morx.mo.gov/pages/manufacturers.htm (last visited January 9, 2015). *See, e.g.*, DEL. CODE ANN. Tit. 16, § 3002B (2014); 405 IND. ADMIN. CODE 8-1-1 (2014).

6

Therefore, similar to *Daimler*, if the Generic Defendants' activities sufficed to allow adjudication of this case in Missouri, the same would presumably be true in many other states. Thus, the Court concludes that it does not have personal jurisdiction over the Generic Defendants.

### C.  Severance and Transfer

Plaintiff asserts, pursuant to both § 1406(a) and § 1404(a), that the interest of justice requires that the case be transferred to the District Court for the Eastern District of Kentucky, rather than dismissed.

Section § 1406(a) authorizes the transfer of a case "laying venue in the wrong … district." While section 1406 is traditionally seen as a mechanism to correct errors in venue selection, it "has commonly been cited by courts as authorizing an interdistrict transfer to cure a want of personal jurisdiction over a defendant in the transferor district." *Federal Home Loan Bank of Boston v. Ally Financial, Inc.*, Civil Action No. 11-10952-GAO, 2014 WL 4964506, at *3 (D. Mass. 2014) (collecting cases). *See also Thompson v. Ecological Science Corp.*, 421 F.2d 467, 470 n.4 (8th Cir. 1970) ("Even if personal jurisdiction had not been obtainable in Arkansas, a transfer under 28 U.S.C. § 1406 might have been a preferable alternative to dismissal.") In this case, absent personal jurisdiction over the Generic Defendants, venue is also no longer proper. 28 U.S.C. § 1391(b). Therefore the Court may transfer the case against the Generic Defendants pursuant to § 1406(a).

Plaintiff urges the Court to transfer the claims against the remaining defendants pursuant to section 1404(a). Section 1404(a) provides: "For the convenience of parties

7

and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." In determining whether to transfer a case pursuant to § 1404(a), the Court is directed to review three factors: (1) the convenience of the parties; (2) the convenience of the witnesses; and (3) the interests of justice. *Terra Intern., Inc. v. Mississippi Chemical Corp.*, 119 F.3d 688, 691 (8th Cir. 1997). The Generic Defendants assert that Plaintiff has failed to address the first two factors of 1404(a) and that Plaintiff should not be rewarded for procedural errors, namely filing in the incorrect forums, which have elongated this matter. Plaintiff addressed the first two prongs, albeit in his sur-reply, arguing that the Defendants are not any more inconvenienced by a transfer to Kentucky than they would if they were litigating in Missouri, and that Plaintiff lives in Kentucky, as do many of the fact witnesses in this case, including Mrs. Neeley's prescribing and treating physicians.

The Court finds that factors one and two weigh in favor of transfer. It does not appear that a transfer to Kentucky would inconvenience the Defendants any more than maintaining an action in Missouri, but it would be significantly more convenient for Plaintiff, who lives in Kentucky. Furthermore, many of the witnesses, including Mrs. Neeley's prescribing and treating physicians live in Kentucky.

The third factor also strongly supports transfer. The Court agrees that this case has been long-standing; it has been pending for nearly five years. However, the Court finds that this fact weighs in support of a transfer of the entire case to the appropriate district. "The efficient use of judicial resources and the benefit all parties will receive from preventing unnecessary duplication of time, effort and expense weigh heavily in

8

favor of transfer." *May Dept. Stores Co. v. Wilansky*, 900 F. Supp. 1154, 1166 (E.D. Mo. 1995) (Shaw, J.).

### III. Conclusion

Accordingly,

**IT IS HEREBY ORDERED** that Motion for Reconsideration (Doc. 238) is **GRANTED in part**. The Clerk of the Court is directed to transfer this case to the District Court for the Eastern District of Kentucky.

Dated this 30th day of March, 2015.

JOHN A. ROSS
UNITED STATES DISTRICT JUDGE